PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

# IN THE DISTRICT COURT FOR THE UNITED STATES FOR THE WESTERN DISTRICT OF THE STATE OF MICHIGAN

**SARAE CODDINGTON**,
an individual

        Plaintiff,

-v-

**SKOPOS FINANCIAL LLC,** a Texas limited liability company
**REPRISE FINANCIAL LLC,** a Texas limited liability company

        Defendants.

Case No. 24-CV
Hon.

_____

## PERRONE LAW PLLC

Jacob A. Perrone (P71915)
Attorneys for Plaintiff
3130 Kresge Lane
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com

_____/

/s/ *Jacob A. Perrone*

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

**NOW COMES** Plaintiff, **SARAE CODDINGTON**, by and through her attorneys, **PERRONE LAW PLLC**, and for her Complaint states unto this Honorable Court as follows:

## GENERAL ALLEGATIONS AND JURISDICTION

1. Plaintiff, **SARAE CODDINGTON**, is individuals residing within Ingham County, Michigan. (hereinafter referred to as "Plaintiff" unless specifically identified otherwise)

1

2.  Defendant, **SKOPOS FINANCIAL LLC, d/b/a REPRISE FINANCIAL**, is a Texas limited liability company, with a principal place of business located at P.O. BOX 661016. Dallas, TX 75266.

3.  That the amount in controversy is in excess of Seventy-Five Thousand US Dollars ($75,000.00), exclusive of costs, interest and attorney fees, and this action is otherwise properly before this Honorable Court.

4.  Venue is proper in the Western District of Michigan and the transaction or occurrence that is the subject of this Complaint is in Ingham County, Michigan as Plaintiff is present in Michigan and as alleged by REPRISE FINANCIAL they do business in Michigan as they alleged fraudulent loan was for a consumer in Michigan.

5.  REPRISE FINANCIAL operates one of the largest credit companies, and they collect debt against alleged borrowers.

6.  REPRISE FINANCIAL routinely furnishes information to consumer-reporting agencies ("CRAs") but has failed to maintain reasonable policies and procedures regarding the accuracy and integrity of the information it furnishes, including the handling of consumer disputes, as required by federal law.

7.  REPRISE FINANCIAL has failed to conduct reasonable investigations of certain consumer disputes and has failed to cease furnishing information that was alleged to have been the result of identity theft before it made any determination of whether the information was accurate.

8.  In addition, REPRISE FINANCIAL has attempted to collect a debt without a reasonable basis to assert it was owed.

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

9.      Plaintiff brings this action based on Defendant's violations of § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5536(a)(1)(A); § 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; § 1022.42 of Regulation V, 12 C.F.R. § 1022.42; and § 807 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.

10.    This Court has subject-matter jurisdiction over this action because it is brought under "Federal consumer financial law," 12 U.S.C. § 5565(a)(1) and presents a federal question, 28 U.S.C. § 1331.

11.    Venue is proper in this district because the alleged loan was to a person located in the State of Michigan, in the Western District. 12 U.S.C. § 5564(f).

## FACTUAL BACKGROUND

### *REPRISE FINANCIALs Handling of Indirect Disputes*

12.    REPRISE FINANCIAL furnishes information about debt accounts to CRAs, including the nationwide CRAs Equifax, Experian, and TransUnion (NCRAs), and is currently furnishing information about a significant number of accounts.

13.    At all times material to this Complaint, REPRISE FINANCIAL had unilateral responsibility, financial control, and ultimate decision-making authority regarding any disputes. REPRISE FINANCIAL is responsible for "determining, implementing, and ensuring" REPRISE FINANCIAL policies and procedures, including REPRISE FINANCIAL Manual. At all times material to this Complaint, REPRISE FINANCIAL has transacted business in this district.

14.    At all times material to this Complaint, REPRISE FINANCIAL has furnished

consumer- account information to CRAs. The consumer-account information REPRISE FINANCIAL has collected and provided is used or expected to be used in connection with a decision regarding the offering or provision of a consumer-financial product or service and furnishing this information is a service offered or provided for use by consumers primarily for personal, family, or household purposes. This activity is a consumer-financial product or service under the CFPA. 12 U.S.C. § 5481(5), (15)(A)(ix).

15. At all times material to this Complaint, REPRISE FINANCIAL, Inc., REPRISE FINANCIAL NE, REPRISE FINANCIAL WW, and REPRISE FINANCIAL Holding have been "covered persons" under the CFPA because they engage in offering or providing a consumer-financial product or service. 12 U.S.C. § 5481(5), (6), (15)(A)(ix).

16. At all times material to this Complaint, REPRISE FINANCIAL Holding has been a "related person," and therefore a "covered person," under the CFPA. 12 U.S.C. § 5481(25)(C)(i).

17. At all times material to this Complaint, REPRISE FINANCIAL has been a "persons" under the FCRA. 15 U.S.C. § 1681a(b).

18. At all times material to this complaint, REPRISE FINANCIAL has regularly furnished information relating to consumers to CRAs for inclusion in consumer reports. Therefore, they have been "furnishers" under Regulation V. 12 C.F.R. § 1022.41(c).

19. At all times material to this Complaint, REPRISE FINANCIAL has been a "debt collector" under the FDCPA because they have regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed to another or have used an instrumentality of interstate commerce or the mails in a business the principal purpose of which is collecting debts. 15 U.S.C. § 1692a(6).

4

20. The FCRA allows consumers to dispute furnished information with a CRA (referred to as an "indirect dispute") or directly with a furnisher (referred to as a "direct dispute"). REPRISE FINANCIAL received disputes through the NCRAs for processing Automated Credit Dispute Verifications, which refers to the form that accompanies a consumer's indirect dispute.

21. Upon receipt, REPRISE FINANCIAL generally has 30 days to conduct a reasonable investigation of a dispute, as required by FCRA § 623(b)(1), and to submit a response through E-OSCAR that the disputed information should be deleted, modified, or verified as being accurate as reported.

22. If REPRISE FINANCIAL does not respond to an indirect dispute within 30 days, FCRA § 611(a)(5)(A) requires that the CRA promptly delete the disputed information from the disputing consumer's file or modify the item, as appropriate, based on the results of the CRA's own investigation. As a result, if REPRISE FINANCIAL does not timely respond to an indirect dispute concerning information it furnished about a consumer, the disputed information may be deleted from the consumer's credit file by the CRA.

23. REPRISE FINANCIAL receives and responds to a substantial amount of disputes each month.

24. At all times material to this Complaint, REPRISE FINANCIAL has assigned all indirect disputes to be handled on a centralized basis by several employees in its call center. The employees are ostensibly supervised by REPRISE FINANCIAL's compliance manager.

25. REPRISE FINANCIAL has provided limited to no affirmative training to its employees about how to conduct reasonable investigations of disputes.

5

26. REPRISE FINANCIAL has not provided employees with any training on the requirements of the FCRA as they relate to the handling of indirect disputes.

27. REPRISE FINANCIAL has not monitored the pace at which employees respond to the NCRAs concerning disputes, except to ensure that REPRISE FINANCIAL has responded to all disputes within the time period prescribed by the FCRA, so that the disputed information would not be deleted from consumers' credit reports by a CRA.

### *REPRISE FINANCIAL'S POLICIES AND PROCEDURES REGARDING INDIRECT DISPUTES*

28. REPRISE FINANCIAL has provided limited written guidance to the employees who responded to disputes.

29. Upon information knowledge and belief, for disputes relating to an account that a consumer alleges is the result of identity theft or fraud, or that the consumer otherwise alleges does not belong to him or her, the Manual instructs employees to verify the disputed information as accurate if the disputing consumer's Social Security number and name match the information in REPRISE FINANCIAL's account database. The Manual does not instruct employees to conduct a further inquiry that considers the substantive information provided in a consumer's dispute.

30. Upon information knowledge and belief, Reprise Financials' instruction regarding identity theft claims does not instruct employees to review and consider the supporting documentation, if any, submitted by consumers and transmitted to REPRISE FINANCIAL by the NCRAs, before responding to a dispute.

31. Reprise Financial does not require employees to save or record any of the information, including supporting documentation submitted by consumers, into REPRISE FINANCIAL's account database. As a result, REPRISE FINANCIAL cannot reliably

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

determine whether a dispute is identical or related to one it previously received or otherwise review the dispute history on an account.

32. In establishing guidelines, REPRISE FINANCIAL did not consider and incorporate appropriate guidelines from Appendix E of Regulation V, 12 C.F.R. Part 1022, which is the implementing regulation for the FCRA. Specifically, REPRISE FINANCIAL did not:

   a. establish and implement policies reasonably designed to promote the objective of conducting reasonable investigations of consumer disputes and taking appropriate actions based on the outcome of such investigations;

   b. address the following specific, appropriate components in developing its policies and procedures:

   c. establishing and implementing appropriate internal controls regarding the accuracy and integrity of information about consumers furnished to consumer reporting agencies, such as by implementing standard procedures and verifying random samples of information provided to consumer reporting agencies;

   d. training staff that participates in activities related to the furnishing of information about consumers to consumer reporting agencies to implement the policies and procedures;

   e. conducting reasonable investigations of disputes;

   f. conducting a periodic evaluation of its own practices, consumer reporting agency practices of which the furnisher is aware,

investigations of disputed information, means of communication, and other factors that may affect the accuracy and integrity of information furnished to consumer reporting agencies; and

g. identify practices or activities that can compromise the accuracy or integrity of information furnished, such as by:

   i. reviewing REPRISE FINANCIAL's historical records relating to accuracy or integrity or to disputes;
   ii. considering the types of errors, omissions, or other problems that may have affected the accuracy or integrity of information REPRISE FINANCIAL has furnished; and
   iii. considering feedback received from consumer reporting agencies, consumers, or REPRISE FINANCIAL staff.

## *REPRISE FINANCIAL HAS FAILED TO CONDUCT REASONABLE INVESTIGATIONS OF DISPUTES*

33. When responding to indirect disputes, REPRISE FINANCIAL employees generally apply limited instructions.

34. REPRISE FINANCIAL employees have conducted no investigation of the substance of such disputes before purporting to verify the disputed information as accurate.

35. In numerous instances, when responding to disputes alleging identity theft, REPRISE FINANCIAL employees have only confirmed that the disputing consumer's Social Security number matched what was in REPRISE FINANCIAL's files before purporting to verify the disputed information as accurate.

36. In other instances of disputes alleging identity theft, REPRISE FINANCIAL employees have only checked the disputing consumer's Social Security number and name, or other unspecified identifying information before purporting to verify the disputed information as accurate.

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

37. These circular inquiries in response to identity theft allegations merely confirm the same information that REPRISE FINANCIAL furnished in the first place. REPRISE FINANCIAL employees have conducted no further investigation of the disputes before purporting to verify the disputed information as accurate.

38. REPRISE FINANCIAL employees failed to send the Plaintiff blank identity theft affidavits for completion. In some instances, REPRISE FINANCIAL employees have conducted no further investigation of the consumers' disputes before purporting to verify the disputed information as accurate.

39. In numerous instances including in Plaintiff's case, when responding to disputes that the consumer disputed the account as "not his/hers" and that were accompanied by supporting documentation from consumers, REPRISE FINANCIAL employees have not reviewed or considered the supporting documentation before purporting to verify the disputed information as accurate.

40. In numerous instances, REPRISE FINANCIAL employees have only checked whether the disputing consumer's Social Security number matched what was in REPRISE FINANCIAL's account files when the question of whether the Social Security number matched was not relevant or responsive to the subject matter of the consumer's disputes. In these instances, REPRISE FINANCIAL employees conducted no further investigation of the consumers' disputes before purporting to verify the disputed information as accurate.

41. In numerous instances, with respect to disputes alleging identity theft or fraud or other circumstances under which a reasonable investigation of the dispute required review of original supporting documentation, REPRISE FINANCIAL employees have

purported to verify disputed information as accurate without obtaining or reviewing such original supporting documentation.

### *REPRISE FINANCIAL Has Continued Furnishing Disputed Information After Consumers Sent Identity Theft Reports*

42.     In addition to the indirect dispute process discussed above, consumers can dispute debts by contacting REPRISE FINANCIAL directly.

43.     In numerous instances including in this instance, the Plaintiff sent REPRISE FINANCIAL police reports or other official reports filed by consumers with a federal, state, or law enforcement agency that have subjected the consumers to criminal penalties for the filing of false information. In those reports, consumers have alleged that their REPRISE FINANCIAL accounts were the result of identity theft or fraud. Those documents are "identity theft reports" under FCRA § 603(q)(4) and 12 C.F.R. 1022.3(i).

44.     REPRISE FINANCIAL has received identity theft reports from consumers via mail at REPRISE FINANCIAL's regular address for consumer correspondence, or via email or facsimile at the instruction of REPRISE FINANCIAL employees.

45.     In numerous instances, REPRISE FINANCIAL has continued to furnish information concerning such REPRISE FINANCIAL accounts before or without determining that the account was not the result of identity theft or fraud and, therefore, without knowing that the information is correct. At most, REPRISE FINANCIAL employees have noted that the account was disputed, if it had not previously been disputed.

# COUNT I
## THE FAIR CREDIT REPORTING ACT AND REGULATION V
### (REPRISE FINANCIAL's violations of Regulation V)

46. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

47. The Furnisher Rule, Part E of Regulation V, requires in 12 C.F.R. § 1022.42 that a furnisher of consumer information:

> a. establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency, which must be appropriate to the nature, size, complexity, and scope of the furnisher's activities;
>
> b. consider and incorporate the appropriate guidelines set forth in Appendix E of 12 C.F.R. Part 1022 in developing such policies and procedures; and
>
> c. review such policies and procedures periodically and update them as necessary to ensure their continued effectiveness.

48. REPRISE FINANCIAL has failed to establish or implement reasonable written policies and procedures regarding the accuracy and integrity of the information REPRISE FINANCIAL furnished to consumer reporting companies, specifically with respect to REPRISE FINANCIAL's handling of indirect disputes. Instead, REPRISE FINANCIAL's directed employees to conduct perfunctory and inadequate investigations of disputes.

49. REPRISE FINANCIAL has failed to consider or incorporate the appropriate

guidelines set forth in Appendix E of 12 C.F.R. Part 1022 in developing its policies and procedures regarding the handling of disputes.

50. REPRISE FINANCIAL failed to review its indirect dispute handling policies and procedures and update them as necessary to ensure their continued effectiveness. Instead, despite knowing that its policies and procedures were outdated and ineffective, REPRISE FINANCIAL continued to distribute the same policies and procedures to employees as guidance for how to do their jobs.

51. Therefore, REPRISE FINANCIAL has violated 12 C.F.R. § 1022.42.

## COUNT II
## REPRISE FINANCIAL's violations of the CFPA based on its violations of Regulation V

52. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

53. The CFPA defines "Federal consumer financial law" to include most provisions of the Fair Credit Reporting Act and to include its implementing regulation, Regulation V. 12 U.S.C. § 5481(12)(F), (14).

54. REPRISE FINANCIAL is a "covered persons" under the CFPA. 12 U.S.C. § 5481(6).

55. Under the CFPA, a covered person's violation of a federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

56. REPRISE FINANCIAL's violations of Regulation V, described in Count I, constitute violations of § 1036(a)(1)(A) of the CFPA. 12 U.S.C. § 5536(a)(1)(A).

## COUNT III
## REPRISE FINANCIAL's violations of FCRA § 623(b)(1)

57. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

58. Under § 623(b)(1) of the FCRA, when a furnisher of information to a CRA receives a notice of dispute regarding the completeness or accuracy of the reported information from a CRA in accordance with the provisions of § 611(a)(2) of the FCRA, the furnisher is required to conduct a reasonable investigation and review all relevant information provided by the CRA. The furnisher must then report the results of the investigation to the CRA.

59. In numerous instances, REPRISE FINANCIAL has not conducted a reasonable investigation, or any investigation, when it has received a notice of dispute from a consumers including Plaintiff under the provisions of § 611(a)(2) of the FCRA.

60. In addition, in numerous instances, REPRISE FINANCIAL has not reviewed all relevant information provided by the consumer when it has received a notice of dispute under the provisions of § 611(a)(2) of the FCRA.

61. Therefore, REPRISE FINANCIAL has violated § 623(b)(1) of the FCRA, 15 U.S.C. § 1681s- 2(b)(1).

## COUNT IV
## REPRISE FINANCIAL's violations of the CFPA based on its violations of FCRA § 623(b)(1)

62. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

63. The CFPA defines "Federal consumer financial law" to include most

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

provisions of the Fair Credit Reporting Act and to include its implementing regulation, Regulation V. 12 U.S.C. § 5481(12)(F), (14).

64. The REPRISE FINANCIAL entities are "covered persons" under the CFPA. 12 U.S.C. § 5481(6).

65. Under the CFPA, a covered person's violation of a federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

66. REPRISE FINANCIAL's violations of FCRA § 623(b)(1), described in Count III, constitute violations of § 1036(a)(1)(A) of the CFPA. 12 U.S.C. § 5536(a)(1)(A).

## COUNT V
## REPRISE FINANCIAL's violations of FCRA § 623(a)(6)(B)

67. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs this Complaint.

68. Section 623(a)(6)(B) of the FCRA specifies that a furnisher, upon receipt of an "identity theft report" sent to the address specified by the furnisher for receiving such reports, "may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the furnisher subsequently knows or is informed by the consumer that the information is correct."

69. In numerous instances including this instance, REPRISE FINANCIAL has received identity theft reports from consumers including Plaintiff relating to account information furnished by REPRISE FINANCIAL. REPRISE FINANCIAL has continued furnishing information about Plaintiff accounts before or without conducting an investigation into the accuracy of the information. Instead, REPRISE FINANCIAL has

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

only marked the accounts as disputed. As a result, REPRISE FINANCIAL has furnished such information without knowing whether it was correct.

70. Therefore, REPRISE FINANCIAL has violated § 623(a)(6)(B) of the FCRA, 15 U.S.C. § 1681s- 2(a)(6)(B).

## COUNT VI
### (REPRISE FINANCIAL's violations of the CFPA based on their violations of FCRA § 623(a)(6)(B))

71. The Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

72. The CFPA defines "Federal consumer financial law" to include most provisions of the Fair Credit Reporting Act and to include its implementing regulation, Regulation V. 12 U.S.C. § 5481(12)(F), (14).

73. The REPRISE FINANCIAL entities are "covered persons" under the CFPA. 12 U.S.C. § 5481(6).

74. Under the CFPA, a covered person's violation of a Federal consumer financial law, which includes enumerated consumer laws and rules thereunder, violates the CFPA. 12 U.S.C. §§ 5536(a)(1)(A), 5481(14).

75. REPRISE FINANCIAL's violations of FCRA § 623(a)(6)(B), as described, constitute violations of § 1036(a)(1)(A) of the CFPA. 12 U.S.C. § 5536(a)(1)(A).

## COUNT VII
### FAIR DEBT COLLECTION PRACTICES ACT
### (All Defendants' violations of FDCPA § 807)

76. The Plaintiff incorporates by reference the allegations contained in the previous paragraph of this Complaint.

77. Sections 807 and 807(10) of the FDCPA, 15 U.S.C. § 1692e, e(10), prohibit

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78. In numerous instances, in connection with the collection of debts, Defendants, directly or indirectly, expressly or by implication, have represented that they have a reasonable basis to assert that consumers owed certain debts without an adequate investigation when a consumer disputes a debt based on identity theft. This makes it nearly impossible to get the bank to declare a transaction as identity theft, even in obvious cases.

79. In truth and in fact, in numerous instances, the representations set forth in were false, deceptive, or misleading at the time the representations were made because Defendants did not have a reasonable basis to assert that the consumers or the Plaintiff owed those debts, based on their past course of dealing with specific portfolios of debts. Nonetheless, Defendants have continued to represent that consumers owed the claimed amounts on the alleged Debt without obtaining or reviewing additional information that would provide a reasonable basis for such claims even though documentation was provided by Plaintiff including a police report.

80. In doing so, Defendants have used false, deceptive, or misleading representations or means to collect or attempt to collect any debt, in violation of §§ 807 and 807(10) of the FDCPA, 15 U.S.C. § 1692e, 1692e(10).

81. Therefore, Defendants have violated §§ 807 and 807(10) of the FDCPA, 15 U.S.C. § 1692e, § 1692e(10).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that the Court, as permitted by 12 U.S.C. § 5565:

      a.      Permanently enjoin Defendants from committing future violations of the FCRA, Regulation V, the FDCPA, and the CFPA, and enter such other injunctive relief as appropriate;

      b.      Impose civil money penalties against Defendants;

      c.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the CFPA, FCRA, Regulation V, and FDCPA, including but not limited to refund of moneys paid, restitution, disgorgement or compensation for unjust enrichment, and payment of damages;

      d.      Order Defendants to pay the Plaintiff's attorney's fees and costs incurred in connection with proceeding with this action; and

      e.      award additional relief as the Court may determine to be just and proper.

## COUNT VIII
## DEFAMATION/ SLANDER

82. Plaintiff repeats and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

83. The accusations that Plaintiff defaulted on the loan in question were false because the loan was clearly the result of identity theft and should not have been enforced and reported by Defendants.

84. Defendants, by and through REPRISE FINANCIAL published remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity including the credit bureaus.

85. The publication was not privileged.

86. The publication of these remarks has resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to, the following:

    a. emotional distress

    b. humiliation, mortification, and embarrassment

    c. sleeplessness and anxiety

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

    d.  other damages that may arise during the course of discovery and the course of this trial

**WHEREFORE,** Plaintiff, SARAE CODDINGTON, respectfully requests that the trier of fact or this Honorable Court enter judgment in her favor and against Defendants in an amount to be determined in excess of $25,000.00, award Plaintiffs exemplary damages and further award interest, costs, and reasonable attorney fees and Plaintiffs' actual, consequential, and incidental losses sustained because of Defendants' wrongful actions and that this Honorable Court and grant such other and further relief as the Court deems just and proper.

## COUNT IX
## EXEMPLARY DAMAGES

87. Plaintiffs repeat and incorporate by reference the allegations contained within previous paragraphs as if fully set forth herein.

88. REPRISE FINANCIAL actions were intentional and malicious and have caused Plaintiffs to suffer humiliation, outrage, and indignation.

89. That REPRISE FINANCIAL actions toward Plaintiff, including false claims, derogatory statements, and falsehoods, at all times hereto, constitute malicious and willful conduct and gross negligence.

90. As a direct and proximate result of REPRISE FINANCIAL actions, exemplary damages must be awarded to Plaintiff for the humiliation, sense of outrage and indignity resulting from the falsehoods and injuries maliciously, willfully, and wantonly inflicted by REPRISE FINANCIAL upon Plaintiff.

**WHEREFORE**, Plaintiff, SARAE CODDINGTON, respectfully requests that the trier of fact or this Honorable Court enter a judgment in their favor and against Defendants and award exemplary damages in an amount in excess of $25,000 resulting from Defendants intentional and malicious actions that is sufficient to compensate Plaintiff for her actual, consequential, and incidental losses sustained as a

result of Defendants' wrongful actions and interest, costs, and reasonable attorney fees.

Respectfully submitted,

**PERRONE LAW PLLC**

Dated: January 27, 2025

/s/ *Jacob A. Perrone*_____
Jacob A. Perrone (P71915)
**PERRONE LAW PLLC**
Attorneys for Plaintiff
3310 Kresge Lane
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com