## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **SARAE CODDINGTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No: 1-25-CV-00100-HYJ** |
| | § | |
| **SKOPOS FINANCIAL, LLC d/b/a** | § | |
| **REPRISE FINANCIAL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT

**BILES WILSON PLLC**

C. Dunham Biles
Texas State Bar No. 24042407
dunham@bileswilson.com
457 Laurence Drive, Suite 195
Heath, Texas 75032
Telephone:  (972) 345-2626
Facsimile:  (214) 594-8844

**ATTORNEY FOR DEFENDANT**
**SKOPOS FINANCIAL, LLC d/b/a**
**REPRISE FINANCIAL**

## TABLE OF CONTENTS

I.      FACTUAL AND PROCEDURAL BACKGROUND …………………………........1

II.     SUMMARY OF ARGUMENT………………………………………………........2

III.    APPLICABLE LEGAL STANDARDS………………………………………...4

IV.     ARGUMENTS AND AUTHORITIES…………………………………………....7

      A.      The Court Should Dismiss Count I Because There Is No Private Cause Of
Action For Enforcement Of 12 C.F.R. § 1022.42………………………………7

      B.      The Court Should Dismiss Counts II, IV, And VI—Namely, The CFPA
Claims—Because Plaintiff May Not Bring A Private Cause Of Action Under
The CFPA……..………………………………………………………………....7

      C.      The Court Should Dismiss Count V (FCRA § 623(a)(6)(B)) Because Plaintiff
May Not Bring A Private Cause Of Action Under That Provision Of The
FCRA………………………………………………………………………..8

      D.      The Court Should Dismiss Count VIII (Defamation/Slander) Because That
Claim Is Preempted By The FCRA And, In Any Event, Is Not Adequately
Pleaded…………………………………………………………………………9

      E.      The Court Should Dismiss Count IX Because Exemplary Damages Are A
Remedy And Are Not A Cause Of Action…………………………………...11

      F.      The Court Should Dismiss Counts III And V (The FCRA Claims) Because
Plaintiff Has Failed To Allege Even The Basic Prerequisites To Stating A
Claim Under The FCRA…………………………………………………..12

      G.      The Court Should Dismiss Count VII (Violation Of The FDCPA) Because
Plaintiff Fails To, Based On Well-Pleaded Facts, Plead That: (1) Reprise Is A
"Debt Collector;" And (2) Reprise Engaged In False, Deceptive, Or Misleading
Conduct In Regard To Plaintiff……………………………………………...12

            1.      Plaintiff has only in conclusory form alleged that Reprise is a "debt
collector" under the FDCPA…....…………………………………12

            2.      The Complaint fails to allege any false, deceptive, or misleading
conduct by Reprise that would violate § 807 of the
FDCPA………………………………………………………………..14

DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT

i

H.    The Court Should Dismiss Plaintiff's Count III (Violation Of FCRA § 623(b)(1)) Because:  (1) Plaintiff Does Not Allege Sufficient Facts To Support The Conclusion That Reprise Failed To Conduct A Reasonable Investigation Specific To Plaintiff's Identity Theft Dispute; And (2) Plaintiff Fails To Allege That Reprise's Conduct Was Either Willful Or Negligent…………………………………………………………15

      1.    The Complaint fails to allege, through well-pleaded facts, that Reprise conducted an unreasonable investigation related to Plaintiff's identity theft dispute in violation of § 1681s-2(b)(1)……………………………………15

      2.    Plaintiff fails to allege that Reprise negligently or willfully violated § 1681s-2(b) while handling Plaintiff's identity theft dispute…………………………17

V.    CONCLUSION…………………………………………………………………18

      CERTIFICATE OF SERVICE……………………………………………………..19

      CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(ii)……………19

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander v. Sandoval,*
532 U.S. 275 (2001)................................................................................................. 7

*Ashcroft v, Iqbal,*
556 U.S. 662 (2009)............................................................................... 5, 6, 14, 17

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................................... 5, 6

*Boggio v. USAA Fed. Sav. Bank,*
696 F.3d 611 (6th Cir. 2012) ................................................................................. 8

*Boladian v. UMG Recordings, Inc.,*
123 F.App'x 165 (6th Cir. 2005) ........................................................................ 10

*Bridge v. Ocwen Fed. Bank, FSB,*
681 F.3d 355 (6th Cir. 2012) .............................................................................. 13

*Cardin v. NewRez LLC,*
637 F. Supp. 3d 581 (N.D. Ill. 2022) ................................................................. 13

*Carney v. Experian Info. Sols., Inc.,*
57 F. Supp. 3d 496 (W.D. Pa. 2014).................................................................... 8

*Chungag v. Wells Fargo Bank, N.A.,*
489 F.App'x 820 (6th Cir. 2012)..................................................................... 4, 11

*Clingman & Hanger Mgmt. Assocs. LLC v. Rieck,*
701 F.Supp.3d 565 (S.D. Tex. 2023) .............................................................. 3, 11

*Crenshaw v. Portfolio Recovery Assoc., LLC,*
No. 1:23 CV 474, 2023 WL 695635 (N.D. Ohio Oct. 20, 2023)................................. 8

*Foster v. Jeep Country Fed. Credit Union,*
No. 3:21 CV 2402, 2023 WL 406051 (N.D. Ohio Jan. 25, 2023)................................. 8

*Frazier v. Dovenmuehle Mortg., Inc.,*
72 F.4th 769 (7th Cir. 2023) ............................................................................. 16

*Goss v. CitiMortgage, Inc.,*
No. 23-13306, 2025 WL 87701 (E.D. Mich. Jan. 13, 2025) ................................. 3, 8

## <u>DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT</u>

iii

*Heintz v. Jenkins,*
514 U.S. 291 (1995)..................................................................................... 12

*Humphrey v. Trans Union LLC,*
2017 WL 1379405 ..................................................................................... 2, 7

*Hyde v. Franklin American Mortg. Co.,*
453 F. Supp.3d 1293 (D.S.D. 2020) ...................................................... 2, 12

*Kahlich v. City of Grosse Pointe,*
120 F.Appx. 580 (6th Cir. 2005)............................................................... 10

*Kozma v. Chelsea Lumber Co.,*
 No. 290713, 2010 WL 2836327 (Mich. Ct. App. July 20, 2010)........... 4, 11

*Lewis v. ACB Bus. Servs., Inc.,*
135 F.3d 389 (6th Cir. 1998) ....................................................................... 5

*Livesay v. Nat'l Credit Sys., Inc.,*
No. 4:22-CV-19-TLS, 2025 WL 603041 (N.D. Ind. Feb. 24, 2025).......... 16

*Lloyd v. Midland Funding, LLC,*
639 F.App'x 301 (6th Cir. 2016).......................................................... 3, 9, 10

*McKenna v. Dillon Transportation, LLC,*
97 F.4th 471 (6th Cir. 2024) ...................................................................... 3, 9

*Michigan Dessert Corp. v. Baldwin Richardson Foods,*
2007 WL 851001 (E.D. Mich. March 15, 2007) .......................................... 10

*Miller v. Javitch, Block & Rathbone,*
561 F.3d 588 (6th Cir. 2009) ...................................................................... 14

*Romero v. Buhimschi,*
2007 WL 2902896 (E.D. Mich. Sept 28, 2007)............................................ 10

*Rouch v. Enquirer & News Battle Creek,*
440 Mich 238 (Mich. 1992)......................................................................... 10

*Schlosser v. Fairbank Cap. Corp.,*
323 F.3d 534 (7th Cir. 2003) ...................................................................... 13

*Scott v. First S. Nat'l Bank,*
936 F.3d 509 (6th Cir. 2019) ..................................................................... 3, 9

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

iv

*Smith v. Anonymous Joint Enter.,*
487 Mich. 102, 113, 793 N.W.2d 533 (2010) ................................................................ 10

*Smith v. General Motors LLC,*
988 F.3d 873 (6th Cir. 2021) .................................................................................... 6

*Stafford v. Cross Country Bank,*
262 F. Supp.2d 776 (W.D. Ken. July 23, 2003) ................................................... 3, 8, 9

*Stencel v. Augat Wiring Systems,*
173 F.Supp.2d 669 (E.D. Mich. 2001) ...................................................................... 10

*Taggart v. Norwest Mortg., Inc.,*
No. CIV.A. 09-1281, 2010 WL 114946
(E.D. Pa. Jan. 11, 2010), aff'd, 539 F.App'x 42 (3d Cir. 2013) ............................... 4, 12

*Thomas v. Navient Sols., Inc.,*
No. 2:17-CV-12232, 2018 WL 3141946 (E.D. Mich. June 27, 2018) ........................ 8

*Thompson v. Equifax Info. Servs., LLC,*
441 F.Supp.3d 533 (E.D. Mich. 2020) ...................................................................... 17

*Vaysman v. Shane,*
2009 WL 3837357 (Mich. App. Nov. 17, 2009) ....................................................... 10

*Wicker v. Armada Corp. of Nevada,*
No. 18-cv-13046, 2019 WL 3432508 (E.D. Mich. July 10, 2019) ........................... 3, 8

**Statutes**

12 U.S.C. § 5481(14) ...................................................................................................... 7

12 U.S.C. § 5481(19) ...................................................................................................... 7

12 U.S.C. § 5563 ............................................................................................................. 7

12 U.S.C. § 5564(a) ........................................................................................................ 7

12 U.S.C. § 5565 ............................................................................................................. 7

12 U.S.C. § 5566 ............................................................................................................. 7

15 U.S.C. § 1681i(a)(2) ................................................................................................. 15

15 U.S.C. § 1681n .......................................................................................................... 17

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

15 U.S.C. § 1681o. .................................................................................................... 17

15 U.S.C. § 1681s-2 ................................................................................................... 9

15 U.S.C. § 1681s-2(b)(1) ................................................................................... 15, 16

15 U.S.C. § 1681t(b)(1)(F) .................................................................................... 3, 9

15 U.S.C. § 1692a(6) ......................................................................................... 12, 13

15 U.S.C. § 1692a(6)(F)(iii) .................................................................................... 13

15 U.S.C. § 1692e. .................................................................................................... 14

**Rules**

Fed. R. Civ. P.  12(b)(6) ........................................................................................ 5, 6

**<u>DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT</u>**

Defendant Skopos Financial, LLC d/b/a Reprise Financial ("Reprise")[1] submits its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and Brief in Support (the "Motion") against Plaintiff Sarae Coddington ("Plaintiff") as follows.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's conclusory and general allegations that Reprise purportedly failed to implement adequate written policies and procedures for furnishing information to consumer reporting agencies in regard to indirect identity theft disputes. Plaintiff further alleges based on speculation, that Reprise failed to conduct reasonable investigations after receiving such disputes.[2]

Despite bringing this action, Plaintiff never specifically alleges that Reprise failed to investigate her identity theft claim. Rather, she asserts only that: (1) Reprise did not send her a blank identity theft affidavit to complete;[3] (2) Reprise's employees failed to consider unspecified, allegedly supporting, documentation Plaintiff provided to Reprise before verifying the disputed

---

[1] The caption of Plaintiff's Complaint erroneously purports to name: (1) Skopos Financial LLC; and (2) Reprise Financial LLC. But as set forth in Paragraph 2 of the Complaint, it should be Skopos Financial d/b/a Reprise Financial. The Summons also properly refers to Skopos Financial LLC d/b/a Reprise Financial (though it improperly adds LLC).

[2] *See, e.g.,* Complaint ¶ 29 ("Upon information knowledge and belief, for disputes relating to an account that a consumer alleges is the result of identity theft or fraud, or that the consumer otherwise alleges does not belong to him or her, the Manual instructs employees to verify the disputed information as accurate if the disputing consumer's Social Security number and name match the information in REPRISE FINANCIAL's account database. The Manual does not instruct employees to conduct a further inquiry that considers the substantive information provided in a consumer's dispute."); Complaint ¶ 30 ("Upon information knowledge and belief, Reprise Financials' instruction regarding identity theft claims does not instruct employees to review and consider the supporting documentation, if any, submitted by consumers and transmitted to REPRISE FINANCIAL by the CRAs, before responding to a dispute.").

[3] *See* Complaint ¶ 38.

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

account information as accurate;[4] (3) she submitted an "identity theft document" to Reprise;[5] and (4) Reprise allegedly lacked a reasonable basis to assert that she owed the debt, based on the documents she submitted.[6]   Plaintiff, however, apparently admits that Plaintiff's social security number matched the social security number that was in Reprise's account file.[7]   Moreover, Plaintiff does not plead the most basic prerequisites of an FCRA claim—namely:   (1) Plaintiff filed a notice of dispute about Reprise's reporting to a consumer reporting agency; (2) that consumer reporting agency notified Reprise of Plaintiff's dispute; and (3) Reprise then failed to investigate that dispute and modify inaccurate information.

## II.
## SUMMARY OF ARGUMENT

All of Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the reasons set forth below.

<u>First</u>, the Court should dismiss Count I because there is no private cause of action for enforcement of 12 C.F.R. § 1022.42 (implementation of policies and procedures).[8]

---

[4] *See* Complaint ¶ 39.

[5] *See* Complaint ¶ 43.

[6] *See* Complaint ¶ 79.

[7] *See* Complaint ¶ 40.

[8] *See Humphrey v. Trans Union LLC,* 2017 WL 1379405, *4 (W.D. Wisc. April 17, 2017) ("First, Humphrey alleges that Navient failed to 'establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information' it reported, in violation of 12 C.F.R. § 1022.42)(a), and failed to 'conduct a reasonable investigation of [Humphrey's] direct dispute[s],' in violation of 12 C.F.R. § 1022.43. But, as Navient points out, it is not clear that the C.F.R.'s create a private right of action for a furnisher's failure to comply with the regulation, separate from the FCRA. 15 U.S.C. § 1681s-2(c), (d) (permitting private enforcement of § 1681n and §1681o. Humphrey is already bringing such claims against Navient. Humphrey has not demonstrated how this claim under the regulation is actionable."); *Hyde v. Franklin American Mortg. Co.,* 453 F. Supp.3d 1293, 1304 (D.S.D. 2020) ("Here, Hyde has not **DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

Second, the Court should dismiss Counts II (Violation of the Consumer Financial Protection Act ("CFPA")), IV (Violations Of The CFPA based on violations of the Fair Credit Reporting Act  ("FCRA") § 623(b)(1)), and VI (Violation of the CFPA based on violation of FCRA), because Plaintiff does not have a right to sue under the CFPA.[9]

Third, the Court should dismiss Count V (FCRA § 623(a)(6)(B)) because it does not allow for a private cause of action.[10]

Fourth, the Court should dismiss Count VIII (Defamation/Slander) because that claim is preempted by the FCRA[11] and, in any event, Plaintiff has failed to adequately support the claim with well-pleaded facts.

Fifth, the Court should dismiss Count IX because exemplary damages are a remedy and not a cause of action.[12]

---

provided evidence that Congress intended to create a private right of action for furnishers who violate 12 C.F.R. §1022.42(a).").

[9] See, e.g., Goss v. CitiMortgage, Inc., No. 23-13306, 2025 WL 87701 (E.D. Mich. Jan. 13, 2025) ( "CFPA does not provide a private cause of action.").

[10] See, e.g., Wicker v. Armada Corp. of Nevada, No. 18-cv-13046, 2019 WL 3432508 (E.D. Mich. July 10, 2019) ("There is no private cause of action for consumers against furnishers of information under 15 U.S.C. § 1681s-2(a).").

[11] See 15 U.S.C.A.§ 1681t(b)(1)(F); McKenna v. Dillon Transportation, LLC, 97 F.4th 471, 474-476 (6th Cir. 2024) (holding that a defamation claim against a furnisher is preempted by the FCRA); Stafford v. Cross Country Bank, 262 F. Supp.2d 776 (W.D. Ken. July 23, 2003) ("To the extent that Plaintiff's defamation, invasion of privacy, and negligence claims are based on allegations that Defendants furnished inaccurate information to a consumer reporting agency, such claims are preempted by the FCRA."); Lloyd v. Midland Funding, LLC, 639 F.App'x 301 (6th Cir. 2016) ("subject matter regulated under . . . § 1681s-2 of the FCRA are preempted by the FCRA."); Scott v. First S. Nat'l Bank, 936 F.3d 509 (6th Cir. 2019) ("The plain language of § 1681t(b)(1)(F) preempts all state 'laws' without distinguishing between state statutory law and state common law.").

[12] See Clingman & Hanger Mgmt. Assocs. LLC v. Rieck, 701 F.Supp.3d 565, 573-574 (S.D. Tex. 2023) ("As to the assertion of exemplary damages and attorney fees as standalone claims, the motion [to dismiss] is granted—but such will be allowed as remedies where permitted by law."); **DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

Sixth, the Court should dismiss Counts III and V (together, the "FCRA Claims") because Plaintiff does not allege the most basic prerequisites to state a claim—namely:  (1) Plaintiff filed a notice of dispute about Reprise's reporting to a consumer reporting agency; (2) that consumer reporting agency notified Reprise of Plaintiff's dispute; and (3) Reprise then failed to investigate that dispute and modify inaccurate information.[13]

Seventh, the Court should dismiss Count VII (Violation of § 807 of the FDCPA) because Plaintiff fails to allege, based on well-pleaded facts, that Reprise:  (1) is a "debt collector" as defined under the FCRA; and (2) was engaged in false, deceptive, or misleading conduct in regard to Plaintiff.

Eighth, the Court should dismiss Count III (Violation Of FCRA § 623(b)(1)) because:   (1) Plaintiff does not allege sufficient facts to support the conclusion that Reprise failed to conduct a reasonable investigation specific to Plaintiff's identity theft dispute; and (2) Plaintiff fails to allege that Reprise's conduct was either willful or negligent.

## III.
## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a claim if a plaintiff

---

*Chungag v. Wells Fargo Bank, N.A.,* 489 F.App'x 820, 826 (6th Cir. 2012) ("[U]nder Michigan law, exemplary damages are a form of damages, and do not constitute a separate cause of action."); *Kozma v. Chelsea Lumber Co.,* No. 290713, 2010 WL 2836327 *8 (Mich. Ct. App. July 20, 2010) ("[T]his Court notes that exemplary damages are a form of compensation for an actual injury and that they do not qualify as a cause of action.").

[13] *See Taggart v. Norwest Mortg., Inc.,* No. CIV.A. 09-1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010), aff'd, 539 F.App'x 42 (3d Cir. 2013) ("[A] Plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged.").

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

4

"fails to state a claim upon which relief can be granted."[14]  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[15]  A claim will not meet the plausibility standard unless it contains enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.[16]  The factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level."[17]

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do.[18]  For example, in *Twombly,* the Supreme Court held pleading that defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another,"[19] combined with allegations of parallel course of conduct consistent with an unlawful agreement does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.[20]  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff.[21]  The tenet that a Court must accept as true all of the

---

[14] F.R.C.P. 12(b)(6).

[15] *Ashcroft v, Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[16] *See Iqbal,* 556 U.S. at 678.

[17] *Twombly,* 550 U.S. at 555.

[18] *See id.*

[19] *Twombly,* 550 U.S., at 551, 127 S.Ct. 1955.

[20] *See id.* at 564-570, 127 S.Ct. 1955.

[21] *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998).

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

allegations contained in a complaint, however, is inapplicable to legal conclusions.[22]

For the purposes of determining whether the complaint states a claim, conclusory statements and allegations are not to be considered because mere conclusions are not entitled to any assumption of truth.[23]  Eliminating the conclusions from consideration, the Court must then determine whether the remaining well-pleaded allegations plausibly give rise to an entitlement of relief assuming the veracity of those allegations.[24]  Accordingly, Courts apply a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth."[25]  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."[26]  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27]  In addition, "although complaints grounding claims on 'information and belief' can survive a motion to dismiss, they 'must set forth a factual basis for such belief.'"[28]

---

[22] *See Iqbal,* 556 U.S. at 678.

[23] *See id.* at 570.

[24] *See id.* at  679.

[25] *Id.* at 664.

[26] *Id.* at 681.

[27] *Id.* at 679.

[28] *Smith v. General Motors LLC,* 988 F.3d 873, 885 (6th Cir. 2021).

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

# IV.
## ARGUMENTS AND AUTHORITIES

**A.    The Court Should Dismiss Count I Because There Is No Private Cause Of Action For Enforcement Of 12 C.F.R. § 1022.42.**

Plaintiff in Count I alleges that Reprise violated 12 C.F.R. § 1022.42[29] by failing to establish or implement reasonable policies and procedures regarding the integrity of information provided to consumer reporting companies in regard to indirect disputes.[30]   The Court should dismiss Count I because there is no private cause of action for enforcement of 12 C.F.R. § 1022.42 (implementation of policies and procedures).[31]

**B.    The Court Should Dismiss Counts II, IV, And VI—Namely, The CFPA Claims— Because Plaintiff May Not Bring A Private Cause Of Action Under The CFPA.**

Plaintiff's claims under the CFPA (Counts II, IV, and VI) should be dismissed because there is no private right of action for consumers under the CFPA. The Supreme Court has consistently held that where Congress intends to create a private cause of action, it must do so clearly and affirmatively.[32]   The CFPA contains no such provision.   In fact, the CFPA expressly limits enforcement authority to the Consumer Financial Protection Bureau ("CFPB"), state attorneys general, and other government regulators.[33]   Courts, therefore, uniformly hold that the

---

[29] *See* Complaint ¶ 51 ("Therefore, REPRISE FINANCIAL has violated 12 C.F.R. § 1022.42.").

[30] *See* Complaint ¶¶ 46-50.

[31] *See Humphrey v. Trans Union LLC,* 2017 WL 1379405, *4; *Hyde,* 453 F.Supp.3d at 1304.

[32] *See Alexander v. Sandoval*, 532 U.S. 275 (2001).

[33] *See* 12 U.S.C. §§ 5481(14), 5481(19), 5564(a); 12 U.S.C. §§ 5563–5566 (detailing the CFPB's investigatory and enforcement authority).

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

CFPA does not authorize consumers to bring claims in a private capacity.[34]  Accordingly, the Court should dismiss Plaintiff's CFPA Claims (Counts II, IV, and VI).

**C.    The Court Should Dismiss Count V (FCRA § 623(a)(6)(B)) Because Plaintiff May Not Bring A Private Cause Of Action Under That Provision Of The FCRA.**

Plaintiff's Count V (Purported Violation of § 623(a)(6)(B) of the FCRA) should be dismissed because there is no private right of action to enforce section 1681s-2(a) of the FCRA. Courts have repeatedly held that duties imposed under § 1681s-2(a), including subsection (a)(6)(B), are enforceable only by federal or state officials.[35]  Accordingly, the Court should dismiss Plaintiff's claim under § 1681s-2(a)(6)(B) (Count V).

---

[34] *See Goss v. CitiMortgage, Inc*., No. 23-13306, 2025 WL 87701 (E.D. Mich. Jan. 13, 2025) ("CFPA does not provide a private cause of action."); *Thomas v. Navient Sols., Inc.,* No. 2:17-CV-12232, 2018 WL 3141946 (E.D. Mich. June 27, 2018) ("As many courts have noted, the CFPA 'does not include a private right of action.'"); *Crenshaw v. Portfolio Recovery Assoc., LLC,* No. 1:23 CV 474, 2023 WL 695635 (N.D. Ohio Oct. 20, 2023) ("The CFPA contains no express authority for its enforcement through private lawsuits."); *Foster v. Jeep Country Fed. Credit Union*, No. 3:21 CV 2402, 2023 WL 406051 (N.D. Ohio Jan. 25, 2023) ("The CFPA does not create a private right of action . . .' the act does not permit Plaintiff to bring a civil action and obtain relief'.").

[35] *See Goss,* 2025 WL 87701, at 3 (E.D. Mich. Jan. 13, 2025) ("§ 1681s-2(a) does not provide a private cause of action to the consumer—enforcement of this provision is reserved for government agencies and officials identified in § 1681s."); *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 615 (6th Cir. 2012) ("§ 1681s-2(d) [reserves] enforcement of § 1681s-2(a) to the Federal agencies and officials and the State officials identified in § 1681s of this title."); *Wicker,* 2019 WL 3432508, at 3 ("There is no private cause of action for consumers against furnishers of information under 15 U.S.C. § 1681s-2(a)."); *Stafford,* 262 F.Supp.2d at 782 ("Subsection (c) eliminates the availability of direct remedies to consumers by making §§ 15 U.S.C. 1681n and 1681o—the FCRA's broad provisions creating civil liability for willful or negligent noncompliance respectively— inapplicable to violations of subsection (a)."); *Carney v. Experian Info. Sols., Inc.*, 57 F. Supp. 3d 496, 502 (W.D. Pa. 2014) ("Only government entities may enforce § 1681s–2(a).").

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

**D.    The Court Should Dismiss Count VIII (Defamation/Slander) Because That Claim Is Preempted By The FCRA And, In Any Event, Is Not Adequately Pleaded.**

Count VIII should be dismissed for at least two reasons:  (1) it is preempted by the FCRA; and (2) it is not adequately pleaded.

First, the Court should dismiss Count VIII because it is preempted by the FCRA.  The FCRA expressly governs the responsibilities of furnishers of credit information—such as Reprise—in reporting and responding to consumer disputes.[36]  Under § 1681t(b)(1)(F) of the FCRA, state law claims are expressly preempted if they involve conduct regulated by § 1681s-2, which governs the responsibilities of furnishers of information to consumer reporting agencies (*e.g.,* Reprise).[37]  In particular, § 1681t(b)(1)(F) provides:

> No requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.[38]

Defamation claims against furnishers of information, like Reprise, are preempted by § 1681t(b)(1)(F).[39]  Plaintiff's defamation/slander claim (Count VIII), therefore, is preempted by the FCRA.

---

[36]  *See Lloyd v. Midland Funding, LLC,* 639 F.App'x 301, 307 (6th Cir. 2016) ("§ 1681t(b)(1)(F) preempt[s] state-law claims relating to the responsibilities of persons who furnish information to consumer reporting agencies."); 15 U.S.C.A. § 1681t(b)(1)(F); *Scott v. First S. Nat'l Bank,* 936 F.3d 509 (6th Cir. 2019) ("The plain language of § 1681t(b)(1)(F) preempts all state "laws" without distinguishing between state statutory law and state common law.").

[37]  *See* 15 U.S.C. § 1681s-2. This section codifies the duties of furnishers of credit information under FCRA § 623(a)(6)(B).

[38]  15 U.S.C. § 1681t(b)(1)(F).

[39]  *See McKenna v. Dillon Transportation, LLC,* 97 F.4th 471, 474-476 (6th Cir. 2024) (holding that a defamation claim against a furnisher is preempted by the FCRA); *Stafford v. Cross Country Bank,* 262 F. Supp.2d 776 (W.D. Ken. July 23, 2003) ("To the extent that Plaintiff's defamation, invasion of privacy, and negligence claims are based on allegations that Defendants **DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

<u>Second</u>, the Court should dismiss Count VIII (defamation/slander) because Plaintiff has

not adequately pleaded the cause of action.  To state a valid cause of action for defamation under

Michigan law, Plaintiff must allege that Reprise made:

> (1) a false and defamatory statement concerning the plaintiff, (2) an
> unprivileged communication to a third party, (3) fault amounting at
> least to negligence on the part of the publisher, and (4) either
> actionability of the statement irrespective of special harm
> (defamation per se) or the existence of special harm caused by
> publication.[40]

Defamation claims must be pleaded with specificity.[41]  Plaintiff, therefore, must specifically plead,

among other things:   (1) to whom the information was published;[42] (2) when it was published; and

(3) the precise materially false statement.[43]

---

furnished inaccurate information to a consumer reporting agency, such claims are preempted by
the FCRA."); *Lloyd,* 639 F. App'x at 307 ("subject matter regulated under . . . § 1681s-2 of the
FCRA are preempted by the FCRA.").

[40] *Smith v. Anonymous Joint Enter.*, 487 Mich. 102, 113, 793 N.W.2d 533 (2010).

[41] *See, e.g., Romero v. Buhimschi,* 2007 WL 2902896, *5 (E.D. Mich. Sept 28, 2007)
("Therefore, in light of the more recent case law, the Court finds that a claim for defamation under
Michigan law must be plead[ed] with specificity."); *Boladian v. UMG Recordings, Inc.,* 123
F.App'x 165, 169 (6th Cir. 2005) ("Michigan law requires the elements of a claim of defamation
be specifically pleaded."); *Stencel v. Augat Wiring Systems,* 173 F.Supp.2d 669, 681 (E.D. Mich.
2001) ("A defamation claim must be pleaded with specificity.").

[42] Merely alleging a statement was made to third parties is not sufficient.  *See Vaysman v.
Shane,* 2009 WL 3837357, *4 (Mich. App. Nov. 17, 2009) ("As pleaded under the first count,
Vaysman's complaint does not actually identify to whom defendants made the allegedly
defamatory statements.  Rather, Vaysman merely alleges that the statements were made to 'third
parties.'").

[43] *See Michigan Dessert Corp. v. Baldwin Richardson Foods,* 2007 WL 851001 *5 (E.D.
Mich. March 15, 2007) ("Pleading with specificity requires the plaintiff to plead 'who published
the defamatory statement, when it was published, and most importantly, a plaintiff must identify
the precise materially false statement published.'"); *Rouch v. Enquirer & News Battle Creek,* 440
Mich 238, 272 (Mich. 1992) ("Inherent in these requirements is the well-established rule that a
defamation plaintiff must plead with specificity who published the defamatory statement, when it
was published, and, most importantly, a plaintiff must identify the precise materially false
statement published."); *Kahlich v. City of Grosse Pointe,* 120 F.Appx. 580, 586 (6th Cir. 2005).
<u>**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**</u>

Here, Plaintiff fails to allege with the requisite specificity:   (1) to whom the allegedly false statement was published; (3) when it was published; and (3) what the precise content of the allegedly false statement.   Instead, Plaintiff pleads only that Reprise made "accusations that Plaintiff defaulted on the loan in question"[44] and that it "published remarks to third parties with knowledge of the falsity of the statements."[45]   Accordingly, the Court should dismiss Count VIII (defamation/slander).

**E.    The Court Should Dismiss Count IX Because Exemplary Damages Are A Remedy And Are Not A Cause Of Action.**

Exemplary damages are a remedy and not a cause of action.[46]   Accordingly, the Court should dismiss Count IX.

---

("The defamation-per-se claim fails because, among other things, Kahlich failed to 'specifically' plead to whom the individual defendants published the allegedly defamatory statements.").

[44] Complaint ¶ 83.

[45] Complaint ¶ 84.  In addition, although special harm is an element of defamation and thus must be pleaded with specificity, Plaintiff pleads damages only in conclusory fashion without any indication of how those damages were allegedly caused by the purported false statement despite the requirement for special harm.  *See* Complaint ¶ 86 ("resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to . . .  emotional distress, humiliation, mortification, embarrassment, sleeplessness and anxiety").

[46] *See Chungag,* 489 F.App'x at 826 ("[U]nder Michigan law, exemplary damages are a form of damages, and do not constitute a separate cause of action."); *Kozma,* 290713, 2010 WL 2836327 at *8 ("[T]his Court notes that exemplary damages are a form of compensation for an actual injury and that they do not qualify as a cause of action."); *Clingman & Hanger Mgmt. Assocs. LLC,* 701 F.Supp.3d at 573-574 ("As to the assertion of exemplary damages and attorney fees as standalone claims, the motion [to dismiss] is granted—but such will be allowed as remedies where permitted by law.").

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

**F.    The Court Should Dismiss Counts III And V (The FCRA Claims) Because Plaintiff Has Failed To Allege Even The Basic Prerequisites To Stating A Claim Under The FCRA.**

To state a claim under the FCRA against Reprise, Plaintiff must plead that:  (1) Plaintiff filed a notice of dispute about Reprise's reporting with a consumer reporting agency; (2) that consumer reporting agency notified Reprise of the dispute; and (3) Reprise then failed to investigate that dispute and modify inaccurate information.[47]  Plaintiff has not pleaded those prerequisites.[48]  Accordingly, the Court should dismiss Counts III and V (the FRCA Claims).

**G.    The Court Should Dismiss Count VII (Violation Of The FDCPA) Because Plaintiff Fails To, Based On Well-Pleaded Facts, Plead That:  (1) Reprise Is A "Debt Collector;" And (2) Reprise Engaged In False, Deceptive, Or Misleading Conduct In Regard To Plaintiff.**

**1.    Plaintiff has only in conclusory form alleged that Reprise is a "debt collector" under the FDCPA.**

The FDCPA applies only to "debt collectors," which is defined as entities that regularly collect or attempt to collect debts owed or due to another.[49]  Creditors collecting debts in their own

---

[47] *See Taggart,* No. CIV.A. 09-1281, 2010 WL 114946 at 9 ("Under [ U.S.C. § 1681s-2(b)], a plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged."); 15 U.S.C. § 1681s-2(b).

[48] As to third requirement, it appears Plaintiff is complaining about a failure to investigate a direct dispute with Reprise which is not covered by the FCRA. *See, e.g., Hyde v. Franklin American Mortgage Co.,* 453 F.Supp.3d 1293, 1302 (D.S.D. 2020) ("Finally, because 15 U.S.C. § 1681s-2(b) contemplates the duty of a furnisher of information to act in response to a notice of a dispute from a CRA, 'courts have uniformly concluded that § 2(b) provides a private cause of action only if the furnisher received notice from a [CRA], as opposed to the plaintiff alone, that the credit information was disputed.'").

[49] *See* 15 U.S.C. § 1692a(6); *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

name and on their own behalf—so-called "first-party" collectors—are not subject to the FDCPA.[50]

Further, buyers of debts that were not in default at the time the debt was purchased are not "debt

collectors" subject to the requirement of the FDCPA.[51]

Here, Plaintiff has not alleged:   (1) that in regard to Plaintiff, Reprise was collecting the

debt on behalf of another entity;[52] or (2) that Reprise purchased the debt at issue and, at that time,

the debt was in default.   Plaintiff's allegation that Reprise is a "debt collector," therefore, is

impermissibly conclusory (and a legal conclusion) and, therefore, is not entitled to an assumption

of truth.[53]   The Court, therefore, should disregard the allegation.[54]   Without well-pleaded facts

showing that Reprise is a "debt collector," Count VII fails as a matter of law.   Accordingly, the

Court should dismiss Count VII.

---

[50] *See* 15 U.S.C. § 1692a(6) ("The term '<u>debt collector</u>'. . . does not include . . . (F) . . . (ii) concerns a debt which was originated by such person.").

[51] *See* 15 U.S.C. § 1692a(6)(F)(iii) (Excluding "a debt which was not in default at the time it was obtained by such person" from the definition of "debt collector"); *Cardin v. NewRez LLC,* 637 F. Supp. 3d 581 (N.D. Ill. 2022) ("Excluded from the definition of 'debt collector' are any person who acquires a debt which is not in default when it was obtained by such person."); *Schlosser v. Fairbank Cap. Corp.,* 323 F.3d 534, 536 (7th Cir. 2003) ("The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee."); *Bridge v. Ocwen Fed. Bank, FSB,* 681 F.3d 355, 360 (6th Cir. 2012) ("A loan servicer will become a debt collector under § 1692a(6)(F)(iii) if the debt was in default or treated as such when it was acquired.").

[52] Plaintiff does plead that Reprise collects debts owed to others, but the Complaint is silent in regard to who originated the debt at issue.  *See* Complaint ¶ 19.

[53] *See supra* n. 23.

[54] *See supra* nn. 24-25.

**<u>DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO</u>**
**<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT</u>**

2.    <u>The Complaint fails to allege any false, deceptive, or misleading conduct by
Reprise that would violate § 807 of the FDCPA.</u>

Even assuming Reprise were a "debt collector," Plaintiff has failed to allege that Reprise

violated any provision of § 807 of the FDCPA.[55]   Section 807 prohibits the use of "any false,

deceptive, or misleading representation or means in connection with the collection of any debt."[56]

Plaintiff's Complaint, however, contains no specific allegations of such conduct with respect to

her account.   In regard to herself, Plaintiff merely asserts that, "[Reprise] did not have a reasonable

basis to assert that the consumers or the Plaintiff owed those debts" and that "[Reprise has]

continued to represent that consumers owed the claimed amount of the alleged debt without

obtaining or reviewing additional information that was provided by Plaintiff including a police

report."[57]  Those allegations are conclusory.  Further, the Complaint is silent as to any

representation, or misrepresentation, that were purportedly made by Reprise as to Plaintiff or even

where they were made.   Absent allegations identifying any specific purported misrepresentation

made by Reprise, to whom it was made, or how it was false or misleading, Count VII lacks the

factual basis necessary to state a claim under the FDCPA.[58]   Accordingly, the Court should dismiss

Count VII.

---

[55] Section 807 of the FDCPA is codified as 15 U.S.C. § 1692e.

[56] 15 U.S.C. § 1692e.

[57] Complaint ¶ 79.

[58] *See Ashcroft,* 556 U.S. at 678; *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (dismissing FDCPA claims where plaintiff failed to allege facts showing deceptive practices).

<u>DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT</u>

**H.    The Court Should Dismiss Plaintiff's Count III (Violation Of FCRA § 623(b)(1))[59] Because:  (1) Plaintiff Does Not Allege Sufficient Facts To Support The Conclusion That Reprise Failed To Conduct A Reasonable Investigation Specific To Plaintiff's Identity Theft Dispute; And (2) Plaintiff Fails To Allege That Reprise's Conduct Was Either Willful Or Negligent.**

    **1.    The Complaint fails to allege, through well-pleaded facts, that Reprise conducted an unreasonable investigation related to Plaintiff's identity theft dispute in violation of § 1681s-2(b)(1).**

Plaintiff has not alleged sufficient facts to support the conclusion that Reprise failed to conduct a reasonable investigation specific to Plaintiff's identity theft dispute in violation of § 1681s-2(b)(1).   Under the FCRA, only if a consumer reports an alleged inaccuracy to the CRA, and the CRA provides notice to the furnisher of information, do duties imposed by § 1681s-2(b)(1) attach to the furnisher.[60]   In that instance, section § 1681s-2(b)(1) provides:

> the agency shall conduct a reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information.[61]

Upon receipt of a notification from the CRA, a reporter has the following duties:  (a) to conduct an investigation with respect to the disputed information; (b) to review all relevant information provided by the CRA pursuant to § 1681i(a)(2); (c) to report the results of the investigation to the CRA; (d) if incomplete or inaccurate information is found, to report those results to all CRA's that the furnisher reports information to; and (e) if an item of information disputed by the consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a CRA only, based on the results of the reinvestigation, to promptly:  (i) modify

---

[59] Section 623(b)(1) of the FCRA is codified as 15 U.S.C. § 1681s-2(b)(1).

[60] *See* 15 U.S.C. §1681i(a)(2).

[61] 15 U.S.C. § 1681s-2(b)(1) .

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

that item of information; (ii) delete that information; or (iii) permanently block the reporting of that item of information.[62]

Courts have adopted a two-threshold requirement when interpreting violations of § 1681s-2(b)(1).  In particular, Plaintiff must show that:  (1) the data furnisher provided incomplete or inaccurate information; and (2) the incompleteness or inaccuracy was the product of an unreasonable investigation—*i.e.,* had the furnisher conducted a reasonable investigation, it would have discovered that the data it provided was incomplete or inaccurate.[63]  Further, Plaintiff must show that Defendant's investigations were unreasonable in that they were disproportionate to the content of the dispute that Plaintiff sent to the CRA.[64]

Plaintiff has failed to meet those requirements.  Plaintiff makes a number of conclusory allegations about Reprise's supposed practices generally, but makes no allegations about the particulars of Reprise's investigation of her dispute aside from claiming that she provided information to Reprise which it ignored.[65]  Plaintiff does not allege what content was provided to Reprise by the CRA, what Reprise did or did not do during its investigation, the outcome of Reprise's investigation into Plaintiff's dispute, or what specific conduct rendered it unreasonable. As to the information that Plaintiff alleges that she provided to Reprise, she does not allege the content of what information she provided or how the information allegedly should have led to a different result.  Finally, the Complaint also fails to allege actual harm with the requisite

---

[62] *See* 15 U.S.C. Sec. 1681s-2(b)(1).

[63] *See Livesay v. Nat'l Credit Sys., Inc.,* No. 4:22-CV-19-TLS, 2025 WL 603041 (N.D. Ind. Feb. 24, 2025) (citing *Frazier v. Dovenmuehle Mortg., Inc.,* 72 F.4th 769 (7th Cir. 2023)).

[64] *See Frazier,* 72 F.4th at 775.

[65] *See* Complaint ¶ 43.

**<u>DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO</u>**
**<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT</u>**

16

specificity—asserting only broad categories of damages such as "emotional distress" or "economic loss."[66]

Plaintiff's broad and conclusory allegations fail to meet the pleading standard required under Rule 12(b)(6).[67] Plaintiff, therefore, has failed to adequately allege that Reprise's investigation into her specific identity theft dispute was unreasonable, and in violation of Sec. 1681s-2(b)(1).  Accordingly, the Court should dismiss Count III.

### 2. Plaintiff fails to allege that Reprise negligently or willfully violated § 1681s-2(b) while handling Plaintiff's identity theft dispute.

In addition, Count  III should be dismissed because Plaintiff has failed to plead that Reprise's alleged conduct was either negligent or willful.

To state a claim for negligent noncompliance under 15 U.S.C. § 1681o, Plaintiff must allege facts showing that Reprise breached its duty under § 1681s-2(b)(1) by failing to act with reasonable care, and that this failure caused actual damages.[68]  Plaintiff must "reasonably and sufficiently explain the circumstances surrounding the injury" and cannot "rely on mere conclusory statements."[69]  15 U.S.C. § 1681n provides for civil liability for willful noncompliance of the obligations imposed by 15 U.S.C. § 1681s-2(b)(1).[70]

---

[66] *See* Complaint ¶ 86.

[67] *See Ashcroft,* 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements… will not do.").

[68] *See* 15 U.S.C. § 1681o.

[69] *Thompson v. Equifax Info. Servs., LLC,* 441 F.Supp.3d 533, 543 (E.D. Mich. 2020).

[70] 15 U.S.C. § 1681n.

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

Even if Plaintiff had alleged sufficient facts plausibly demonstrating that Reprise violated § 1681s-2(b)(1) while investigating her identity theft dispute—she has not—she did not plead sufficient facts to demonstrate that Reprise did so negligently or willfully.

Because Plaintiff has not stated facts which plausibly allege that Reprise acted negligently or willfully, the Court should dismiss Count III.

## V.
## CONCLUSION

For the foregoing reasons, Reprise requests that the Court:  (1) grant the Motion; (2) dismiss all of Plaintiff's claims with prejudice; and (3) grant Reprise all other relief to which it may be entitled.

**BILES WILSON, PLLC**

By:    /s/ C. Dunham Biles
   C. Dunham Biles
   Texas Bar No. 24042407
   Dunham@bileswilson.com
   457 Laurence Drive, Suite 195
   Heath, Texas 75032
   (972) 345-2626 – Telephone

   **ATTORNEY FOR DEFENDANT**
   **SKOPOS FINANCIAL, LLC d/b/a**
   **REPRISE FINANCIAL**

DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT

18

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, the foregoing was submitted *via* the Court's CM/ECF Case Management Electronic Case Filing System which automatically served on all counsel of record in this matter.

/s/ C. Dunham Biles
C. Dunham Biles

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(ii)

Pursuant to Local Rule 7.2(b)(ii), I hereby certify that this document was prepared using Microsoft Word (Version 2504 (Build 18730.20072 Click-to-Run)), and that the word count for this document as provided by that software is 5,515, which is less than the 10,800-word limit for a brief filed in support of a dispositive motion.

Dated:  May 2, 2025.

/s/ C. Dunham Biles
C. Dunham Biles

**DEFENDANT REPRISE FINANCIAL'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**