UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAE CODDINGTON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No: 1-25-CV-00100-HYJ |
| | § |
| SKOPOS FINANCIAL, LLC d/b/a | § |
| REPRISE FINANCIAL, | § |
| | § |
| Defendant. | § |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for June 4, 2025, at 11:30 a.m., before the Honorable Phillip J. Green.  Appearing for the parties as counsel will be:  Jacob A. Perrone for Plaintiff Sarae Coddington ("Plaintiff") and C. Dunham Biles for Defendant Skopos Financial, LLC d/b/a Reprise Financial ("Defendant").

1. **Jurisdiction:**  The basis for the Court's jurisdiction is:  Federal Question pursuant to the Fair Credit Reporting Act.

2. **Jury or Non-Jury:**  This case is to be tried before a jury

3. **Judicial Availability:**  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of Case:**  This case involves:

   **Plaintiff's Position:**

Plaintiff has adequately pled a claim for violation of the HAS ALLEGED THE BASIC PREREQUISITES TO STATING A CLAIM UNDER THE Fair Credit Reporting Act.  Further, Plaintiff has shown that the Defendant misrepresented facts in making its determination re the

Plaintiff's dispute based on Identity Theft/Fraud. Specifically, the Defendant notified Plaintiff that the account that was used to receive funds associated with the fraudulent loan was in her name when documentation has been provided to show the bank account was in the name of another individual.

**Defendant's Position:**

As set forth in Defendant Reprise Financials' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support ("Motion to Dismiss") (Doc. 11), all of Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the reasons set forth below.

<u>First</u>, the Court should dismiss Count I because there is no private cause of action for enforcement of 12 C.F.R. § 1022.42 (implementation of policies and procedures).[1]

<u>Second</u>, the Court should dismiss Counts II (Violation of the Consumer Financial Protection Act ("CFPA")), IV (Violations Of The CFPA based on violations of the Fair Credit

---

[1] *See Humphrey v. Trans Union LLC,* 2017 WL 1379405, *4 (W.D. Wisc. April 17, 2017) ("First, Humphrey alleges that Navient failed to 'establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information' it reported, in violation of 12 C.F.R. § 1022.42)(a), and failed to 'conduct a reasonable investigation of [Humphrey's] direct dispute[s],' in violation of 12 C.F.R. § 1022.43. But, as Navient points out, it is not clear that the C.F.R.'s create a private right of action for a furnisher's failure to comply with the regulation, separate from the FCRA. 15 U.S.C. § 1681s-2(c), (d) (permitting private enforcement of § 1681n and §1681o. Humphrey is already bringing such claims against Navient. Humphrey has not demonstrated how this claim under the regulation is actionable."); *Hyde v. Franklin American Mortg. Co.,* 453 F. Supp.3d 1293, 1304 (D.S.D. 2020) ("Here, Hyde has not provided evidence that Congress intended to create a private right of action for furnishers who violate 12 C.F.R. §1022.42(a).").

**JOINT STATUS REPORT**

Reporting Act ("FCRA") § 623(b)(1)), and VI (Violation of the CFPA based on violation of FCRA), because Plaintiff does not have a right to sue under the CFPA.[2]

Third, the Court should dismiss Count V (FCRA § 623(a)(6)(B)) because it does not allow for a private cause of action.[3]

Fourth, the Court should dismiss Count VIII (Defamation/Slander) because that claim is preempted by the FCRA[4] and, in any event, Plaintiff has failed to adequately support the claim with well-pleaded facts.

Fifth, the Court should dismiss Count IX because exemplary damages are a remedy and not a cause of action.[5]

---

[2] *See, e.g., Goss v. CitiMortgage, Inc*., No. 23-13306, 2025 WL 87701 (E.D. Mich. Jan. 13, 2025) ( "CFPA does not provide a private cause of action.").

[3] *See, e.g., Wicker v. Armada Corp. of Nevada,* No. 18-cv-13046, 2019 WL 3432508 (E.D. Mich. July 10, 2019) ("There is no private cause of action for consumers against furnishers of information under 15 U.S.C. § 1681s-2(a).").

[4] *See* 15 U.S.C.A.§ 1681t(b)(1)(F); *McKenna v. Dillon Transportation, LLC,* 97 F.4th 471, 474-476 (6th Cir. 2024) (holding that a defamation claim against a furnisher is preempted by the FCRA); *Stafford v. Cross Country Bank*, 262 F. Supp.2d 776 (W.D. Ken. July 23, 2003) ("To the extent that Plaintiff's defamation, invasion of privacy, and negligence claims are based on allegations that Defendants furnished inaccurate information to a consumer reporting agency, such claims are preempted by the FCRA."); *Lloyd v. Midland Funding, LLC,* 639 F.App'x 301 (6th Cir. 2016) ("subject matter regulated under . . . § 1681s-2 of the FCRA are preempted by the FCRA."); *Scott v. First S. Nat'l Bank*, 936 F.3d 509 (6th Cir. 2019) ("The plain language of § 1681t(b)(1)(F) preempts all state 'laws' without distinguishing between state statutory law and state common law.").

[5] *See Clingman & Hanger Mgmt. Assocs. LLC v. Rieck,* 701 F.Supp.3d 565, 573-574 (S.D. Tex. 2023) ("As to the assertion of exemplary damages and attorney fees as standalone claims, the motion [to dismiss] is granted—but such will be allowed as remedies where permitted by law."); *Chungag v. Wells Fargo Bank, N.A.,* 489 F.App'x 820, 826 (6th Cir. 2012) ("[U]nder Michigan law, exemplary damages are a form of damages, and do not constitute a separate cause of action."); *Kozma v. Chelsea Lumber Co.,* No. 290713, 2010 WL 2836327 *8 (Mich. Ct. App. July 20, 2010) ("[T]his Court notes that exemplary damages are a form of compensation for an actual injury and that they do not qualify as a cause of action.").

Sixth, the Court should dismiss Counts III and V (together, the "FCRA Claims") because Plaintiff does not allege the most basic prerequisites to state a claim—namely: (1) Plaintiff filed a notice of dispute about Reprise's reporting to a consumer reporting agency; (2) that consumer reporting agency notified Reprise of Plaintiff's dispute; and (3) Reprise then failed to investigate that dispute and modify inaccurate information.[6]

Seventh, the Court should dismiss Count VII (Violation of § 807 of the FDCPA) because Plaintiff fails to allege, based on well-pleaded facts, that Reprise: (1) is a "debt collector" as defined under the FCRA; and (2) was engaged in false, deceptive, or misleading conduct in regard to Plaintiff.

Eighth, the Court should dismiss Count III (Violation Of FCRA § 623(b)(1)) because: (1) Plaintiff does not allege sufficient facts to support the conclusion that Reprise failed to conduct a reasonable investigation specific to Plaintiff's identity theft dispute; and (2) Plaintiff fails to allege that Reprise's conduct was either willful or negligent.

**5.     Prospects of Settlement:** The status of settlement negotiations is: The parties, through counsel—namely, Jacob Perrone for Plaintiff and Dunham Biles for Defendant—have engaged in settlement discussions.

**Plaintiff's Position:**

Settlement is likely and prudent.


**Defendant's Position:**

---

[6] *See Taggart v. Norwest Mortg., Inc.,* No. CIV.A. 09-1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010), aff'd, 539 F.App'x 42 (3d Cir. 2013) ("[A] Plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged.").

The parties are not close to resolving the matter.

6. **Pendent State Claims:** This case does include a pendent state claim—namely, Slander/Defamation (Count VIII).

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by 60 days after a ruling on the motion to dismiss.

8. **Disclosures and Exchanges:** Subject to the Court's approval, the parties believe it would be most efficient to defer Rule 26(a) disclosure deadlines until the Court rules on the Motion to Dismiss, which will be fully briefed by June 13, 2025. For that reason, the proposed disclosure deadlines set forth below are triggered by the Court's resolution of the Motion to Dismiss.

i. Fed.R.Civ.P. 26(a)(1) Disclosures:

The parties propose Rule 26(a)(1) disclosures be exchanged fourteen (14) days after a ruling on the Motion to Dismiss.

ii. Fed.R.Civ. P. 26(a)(2) Disclosures:

The parties propose Plaintiff's Rule 26(a)(2) expert disclosures be made 2 months after a ruling on the Motion to Dismiss, and Defendant's Rule 26(a)(2) Expert Disclosures be made 3 months after a ruling on the Motion to Dismiss.

iii. Fed.R.Civ.P. 26(a)(3) Disclosures:

The parties propose preliminary Rule 26(a)(3)(A)(i) lay witness disclosures be made 6 months after a ruling on the Motion to Dismiss, and all other Rule 26(a)(3) disclosures be made sixty (60) days before trial.

iv. Voluntary Productions:

The parties are continuing to discuss whether there are certain categories of documents and/or data productions that the parties can agree to exchange without formal discovery requests, with the goal of reaching consensus on the issue prior to any ruling on the Motion to Dismiss.  The parties agree, however, that no such productions should occur until after a ruling on the Motion to Dismiss, once the parties understand the scope of the claims that will proceed in the litigation.

9. **Discovery:**  The parties believe that all discovery proceedings can be completed within 8 months of ruling on the Motion to Dismiss. The parties recommend the following discovery plan: The parties believe that all discovery can be completed within 8 months after a ruling on the Motion to Dismiss, and that the parties can utilize the time between now and the forthcoming ruling to:   (1) negotiate a stipulated protective order governing confidentiality; (2) negotiate a protocol that that will govern format in which electronically stored information will be collected and produced in this action; and (3) identify categories of documents and/or data to be exchanged without formal discovery requests shortly following a ruling on the Motion to Dismiss.  The parties recommend the following discovery plan, subject to the Court's approval:

i. Subjects of Discovery:

The parties agree that discovery may include the full range of issues implicated in the Complaint (Doc. 1), as modified by any ruling from the Court on the Motion to Dismiss.  The parties agree that, at this time, there is no need to conduct discovery in phases.

ii. Timing of Discovery:

**Plaintiff's Position:**

**Substantial Discovery isn't necessary as the documentation substantiating claim has already been procured.  However, minimal ESI Discovery will be required and should be preserved.**

**Defendant's Position:**

Skopos submits that it would be most efficient to defer all discovery until the Court has resolved the Motion to Dismiss. "District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."[7] As set forth in the Motion to Dismiss all nine counts of Plaintiff's Complaint should be dismissed. Accordingly, Defendant requests that discovery be stayed pending resolution of the Motion to Dismiss.

**10.    Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The Defendant has ESI in its possession as it relates to Plaintiff's underlying claims.

**11.    Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties have not agreed to a procedure to deal with work product immunity.

**12.    Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate. The following dispositive motions are contemplated by each party:

**Plaintiff's Position:**

**Motion for Summary Disposition No Genuine Issue.**

**Defendant's Position:**

---

[7] *Bangas v. Porter,* 145 F. App'x 139, 141 (6th Cir. 2005).

**JOINT STATUS REPORT**

(1) Defendant's Motion to Dismiss (Doc. 11); and (2) if necessary, a subsequent motion for summary judgment.

The parties anticipate that all dispositive motions will be filed by within two weeks of the close of discovery.

13. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. Prior to mediation the parties agree that written discovery and, at a minimum, depositions of the parties should be completed.

The parties agree that the method of ADR should be mediation and if they cannot agree to a mediator then the Court may appoint a mediator.

14. **Length of Trial:** Counsel estimate the trial will last approximately 2 days total, allocated as follows: 1 days for Plaintiff's case, 1 days for Defendant's case, 0 days for other parties.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. **Other:** Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

PERRONE LAW PLLC

By: /s/Jacob A. Perrone
Jacob A. Perrone (P71915)
PERRONE LAW PLLC
3310 Kresge Lane
East Lansing, Michigan 48823
(517) 719-4657 – Telephone
Jacob.perrone@yahoo.com

**ATTORNEYS FOR PLAINTIFF
SARAE CODDINGTON**

BILES WILSON, PLLC

By: /s/CDB w/p JP
C. Dunham Biles
Texas Bar No. 24042407
Biles Wilson, PLLC
457 Laurence Drive, Suite 195
Heath, Texas 75032
(972) 345-2626 – Telephone
Dunham@bileswilson.com

**ATTORNEYS FOR DEFENDANT
SKOPOS FINANCIAL, LLC d/b/a
REPRISE FINANCIAL**

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, the foregoing was submitted *via* the Court's CM/ECF Case Management Electronic Case Filing System which automatically served on all counsel of record in this matter.