UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARAE CODDINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No: 1-25-CV-00100-HYJ |
| § | |
| SKOPOS FINANCIAL, LLC d/b/a § | |
| REPRISE FINANCIAL, § | |
| § | |
| Defendant. § | |

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant Skopos Financial, LLC d/b/a Reprise Financial ("Reprise")[1] submits its Reply in Support of its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) (the "Motion").

Plaintiff's First Amended Response to Defendant's Motion For Summary Disposition ("Response")[2] does not overcome the fundamental legal deficiencies in her Complaint. As discussed in detail in the Motion, Plaintiff's claims fail as a matter of law because: (1) she seeks to enforce statutory and regulatory provisions that do not provide a private right of action; (2) her claims are preempted or inadequately pleaded; and (3) her FCRA allegations fall short of satisfying the basic elements necessary to withstand dismissal. Moreover, Plaintiff's new exhibits should be stricken as they were not attached to her Complaint and, in any event do not salvage Plaintiff's

---

[1] The caption of Plaintiff's Complaint erroneously purports to name: (1) Skopos Financial LLC; and (2) Reprise Financial LLC. But as set forth in Paragraph 2 of the Complaint, it should be Skopos Financial d/b/a Reprise Financial. The Summons also properly refers to Skopos Financial LLC d/b/a Reprise Financial (though it improperly adds LLC).

[2] D.E. 21.

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

claims because they do not cure the underlying legal defects.  Accordingly, the Court should grant Defendant's Motion to Dismiss in its entirety.

A.     **Plaintiff's Response Confirms That Counts I, II, IV, V, VI, VII, VIII, And IX Should Be Dismissed.**

Plaintiff does not address any of Defendant's bases for dismissal of Courts I, II, IV, V,[3] VIII or IX, essentially conceding Defendant's arguments that these counts fail as a matter of law. In its Motion Defendant sets forth in detail the various reasons why each of those counts fail as a matter of law and will not repeat those arguments.[4]  Accordingly, the Court should dismiss Counts Courts I, II, IV, V, VIII and IX for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

B.     **Count III Fails To State A Claim.**

As set forth in the Motion, to state a claim under the FCRA against Reprise, Plaintiff must plead that:  (1) Plaintiff filed a notice of dispute about Reprise's reporting with a consumer reporting agency; (2) that consumer reporting agency notified Reprise of the dispute; and (3) Reprise then failed to investigate that dispute and modify inaccurate information.[5]  Plaintiff has

---

[3] Plaintiff lists Court V in the table of contents of her Response, but fails to discuss it all in her Response.  As explained in the Motion, Count V (Purported Violation of § 623(a)(6)(B) of the FCRA) fails because there is no private right of action to enforce section 1681s-2(a) of the FCRA.  Courts have repeatedly held that duties imposed under § 1681s-2(a), including subsection (a)(6)(B), are enforceable only by federal or state officials. *See Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 615 (6th Cir. 2012) ("§ 1681s-2(d) [reserves] enforcement of  § 1681s-2(a) to the Federal agencies and officials and the State officials identified in § 1681s of this title.").

[4] *See* Motion §§ IV A-E, G-I.

[5] *See Taggart,* No. CIV.A. 09-1281, 2010 WL 114946 at 9 ("Under [ U.S.C. § 1681s-2(b)], a plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged."); 15 U.S.C. § 1681s-2(b).

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**
                                                                                                                  **PAGE 1**

not pleaded those prerequisites.

Plaintiff has not pleaded that: (1) she submitted a complaint to a consumer reporting agency; (2) that a consumer reporting agency submitted that complaint to Reprise; or (3) that Reprise failed to reasonably investigate *that* complaint. Plaintiff only pleads that she sent a direct complaint to Reprise.[6] As a matter of law, Plaintiff cannot state a claim for under the FCRA for failure to properly investigate a direct claim to Reprise.[7] Moreover, in her Response Plaintiff does not argue that she pleaded any of the necessary elements for her claim under the FCRA. On the contrary, Plaintiff argues in her response that "Plaintiff provided [sic] *that she gave information to Reprise* regarding the accountholder."[8] Plaintiff also relies on two exhibits that were not attached to her Complaint: (1) a letter from Reprise that Plaintiff alleges she received in response to her complaint[9] and (2) bank account records that Plaintiff contends she received in response to a subpoena issued after this lawsuit was filed.[10] Since neither Exhibit 1 nor Exhibit 2 were attached to, nor referenced in, Plaintiff's Complaint, the exhibits cannot be considered in response

---

[6] *See* Complaint (D.E. 1 ¶ 43 ("In numerous instances including in this instance, the Plaintiff *sent REPRISE FINANCIAL* police reports or other official reports filed by consumers with a federal, state or law enforcement agency. . .") (emphasis added).

[7] *See, e.g., Hyde v. Franklin American Mortgage Co.,* 453 F.Supp.3d 1293, 1302 (D.S.D. 2020) ("Finally, because 15 U.S.C. § 1681s-2(b) contemplates the duty of a furnisher of information to act in response to a notice of a dispute from a CRA, 'courts have uniformly concluded that § 2(b) provides a private cause of action only if the furnisher received notice from a [CRA], as opposed to the plaintiff alone, that the credit information was disputed.'").

[8] *See* Response at 8 ("Plaintiff provided that she gave information to Reprise regarding the accountholders actual identity and it is clear they failed to report by their willful statement that the bank account used was Plaintiffs without any valid basis.").

[9] *See* Response, Exhibit 1 (D.E. 21-1).

[10] *See* Response, Exhibit 2 (D.E. 21-2).

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

to a motion to dismiss.[11] Reprise, therefore, requests that the exhibits be stricken from the record.

Even if Exhibit 1 or Exhibit 2 were considered, however, they do not support Plaintiff's allegations. Exhibit 1 merely provides further evidence that Plaintiff is suing over a complaint that she made directly to Reprise, as the letter explicitly states that it is in response to Plaintiff contacting Reprise.[12] Exhibit 2 consists of information obtained by Plaintiff via subpoena after this lawsuit was file and, therefore, provides no support for any of the necessary FCRA elements. Because Plaintiff only pleads that she made a direct complaint to Reprise, Count III fails as a matter of law.[13] Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### C.     Plaintiff Has Had Ample Opportunity To Amend And Any Amendment Would Be Futile.

Plaintiff requests leave to amend if the Court concludes that she has failed to state a claim. That request should be denied for at least two reasons. <u>First,</u> Plaintiff has had ample opportunity to amend. Plaintiff filed this lawsuit on January 27, 2025.[14] Reprise filed its Motion on May 2,

---

[11] *Carnes v. Hall*, 665 F. Supp. 3d 831, 838 (E.D. Ky. 2023) ("Generally, 'matters outside of the pleadings are not to be considered by a court in ruling on a ... motion to dismiss.'").

[12] *See* Response, Exhibit 1 (D.E. 21-1, PageID 99) ("Thank you *for contacting Reprise Financial LLC*. We have received the additional documentation pursuant your ID Theft/Fraud claim. Unfortunately, the additional documentation submitted to our office is not enough to definitively confirm that you are a victim of ID Theft/Fraud.") (emphasis added).

[13] *See Hyde v. Franklin American Mortgage Co.,* 453 F.Supp.3d 1293, 1302 (D.S.D. 2020) ("Finally, because 15 U.S.C. § 1681s-2(b) contemplates the duty of a furnisher of information to act in response to a notice of a dispute from a CRA, 'courts have uniformly concluded that § 2(b) provides a private cause of action only if the furnisher received notice from a [CRA], as opposed to the plaintiff alone, that the credit information was disputed.'").

[14] *See* D.E. 1.

2025.[15]  Pursuant to Federal Rule of Civil Procedure 15(a)(1)(b) Plaintiff had twenty-one (21) days to amend her Complaint to address the deficiencies in raised in the Motion.  Plaintiff chose not to amend and, instead, filed her Response.  If Plaintiff had additional facts to plead, she could easily have done so earlier.  Second, for the reasons discussed above, any amendment would be futile.[16]  Plaintiff does not explain how she would cure the deficiencies in her Complaint, presumably because she cannot.  Accordingly, the Court should grant the Motion and deny Plaintiff's request to amend her Complaint.

For the foregoing reasons, Reprise requests that the Court:  (1) grant the Motion; (2) dismiss all of Plaintiff's claims with prejudice; and (3) grant Reprise all other relief to which it may be entitled.

**BILES WILSON, PLLC**

By:   /s/ C. Dunham Biles
C. Dunham Biles
Texas Bar No. 24042407
Dunham@bileswilson.com
457 Laurence Drive, Suite 195
Heath, Texas 75032
(972) 345-2626 – Telephone

**ATTORNEY FOR DEFENDANT SKOPOS FINANCIAL, LLC d/b/a REPRISE FINANCIAL**

---

[15] *See* D.E. 11.

[16] *Glenn v. Frenchko*, 642 F. Supp. 3d 633, 637 (N.D. Ohio 2022) ("The Sixth Circuit recognizes that 'a proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'").

**CERTIFICATE OF SERVICE**

 I hereby certify that on July 8, 2025, the foregoing was submitted *via* the Court's CM/ECF Case Management Electronic Case Filing System which automatically served on all counsel of record in this matter.

/s/ C. Dunham Biles<br>
C. Dunham Biles

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**PAGE 5**

For the foregoing reasons, Reprise requests that the Court: (1) grant the Motion; (2) dismiss all of Plaintiff's claims with prejudice; and (3) grant Reprise all other relief to which it may be entitled.

**BILES WILSON, PLLC**

By: /s/ C. Dunham Biles
C. Dunham Biles
Texas Bar No. 24042407
Dunham@bileswilson.com
457 Laurence Drive, Suite 195
Heath, Texas 75032
(972) 345-2626 – Telephone

**ATTORNEY FOR DEFENDANT SKOPOS FINANCIAL, LLC d/b/a REPRISE FINANCIAL**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, the foregoing was submitted *via* the Court's CM/ECF Case Management Electronic Case Filing System which automatically served on all counsel of record in this matter.

/s/ C. Dunham Biles
C. Dunham Biles

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(ii)

Pursuant to Local Rule 7.2(b)(ii), I hereby certify that this document was prepared using Microsoft Word (Version 2504 (Build 18730.20072 Click-to-Run)), and that the word count for this document as provided by that software is 1760..

Dated: July 8, 2025.

/s/ C. Dunham Biles
C. Dunham Biles

**DEFENDANT REPRISE FINANCIAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

1