UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION_

SARAE CODDINGTON,

    Plaintiff,

v.

SKOPOS FINANCIAL LLC,

    Defendant.
_____/

Hon. Hala Y. Jarbou

Case No. 1:25-cv-0100-HYJ-PJG

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiff counsel, Jacob Perrone's, repeated failure to appear in Court as ordered, and his failure to comply with the Court's show-cause order. The undersigned judicial officer finds that there is clear and convincing evidence that Mr. Perrone has engaged in the following contemptuous conduct:

1. Failing to appear in Court on July 7, 2025, for a Rule 16 scheduling conference (Minutes, ECF No. 24);

2. Violating the Court's July 7, 2025, order requiring Mr. Perrone to show cause why he should not be held in contempt of court or otherwise sanctioned for his failure to appear at the July 7 scheduling conference (ECF No. 25); and

3. Failing to appear in Court on July 17, 2025, for a Rule 16 scheduling conference (Minutes, ECF No. 28).

    Accordingly, the undersigned judicial officer certifies the facts contained in this report and recommendation for purposes of the Certification of Civil Contempt and

Order to Show Cause, which will be filed herewith.[1] A show-cause hearing has been scheduled before the Honorable Hala Y. Jarbou for August 4, at 1:30 PM at 128 Federal Building, 315 West Allegan Street, Lansing, Michigan. The undersigned recommends that Chief Judge Jarbou adjudge Mr. Perrone to be in civil contempt of Court, and to impose sanctions as she determines appropriate.

### Certified Facts and Procedural History

Mr. Perrone filed the complaint in this case on January 27, 2025. (ECF No. 1). On May 2, 2025, the Court set a Rule 16 scheduling conference for June 4, 2025, by video. (ECF No. 13). The Court later issued an order rescheduling the video conference for 1:00 p.m. on July 7, 2025. (ECF No. 16). Counsel for Defendant appeared for that conference; Mr. Perrone did not.

Accordingly, on July 7, the Court issued a show-cause order requiring Mr. Perrone to respond in writing, no later than July 14, 2025, showing cause as to "why he should not be held in civil contempt, or otherwise sanctioned for his failure to appear as ordered by the Court." (*Id.* at PageID.165). Mr. Perrone has failed to respond to that order.

The July 7 show-cause order also ordered the parties to appear by video for a rescheduled Rule 16 conference at 1:00 p.m. on July 17, 2025. (ECF No. 25). Counsel

---

[1] Pursuant to 28 U.S.C. § 636(e)(6)(B), where "[an] act constitutes civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served upon any person whose behavior is brought into question . . . an order requiring such person to show cause why that person should not be adjudged in contempt by reason of the facts so certified."

2

for Defendant appeared; Mr. Perrone did not. (Minutes, ECF No. 28). The Court has received no communication from Mr. Perrone explaining his absence.

The undersigned notes that Mr. Perrone has previously been subject to a show-cause order in this case. On May 2, 2025, Defendant filed a motion to dismiss. (ECF No. 11). On June 6, after Mr. Perrone had failed to respond to the motion by the 28-day deadline, Chief Judge Jarbou issued an order requiring Mr. Perrone to show cause by June 20 why the motion to dismiss should not be granted. (ECF No. 18). Mr. Perrone responded to that order, untimely, on June 21. (ECF No. 20).[2] He explained that "a debilitating medical condition render[ed] him incapable of complying with the Court rules." (*Id.* at PageID.72). Mr. Perrone also advised the Court that his medical condition was "an isolated occurrence," but that the condition qualifies as a disability under the American with Disabilities Act, 42 U.S.C. § 12101. (*Id.* at PageID.72-73).

## Discussion

It is settled law that federal courts have the inherent authority to punish those who violate court orders. *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). "Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.'" *Id.* (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)).

---

[2] Mr. Perrone also filed Plaintiff's response to the motion to dismiss on that date. (ECF No. 21).

The Supreme Court described the nature and necessity of the contempt power in *Gompers v. Buck's Stove & Range Co.*:

> [W]hile it is sparingly to be used, yet the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.
>
> If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery.

221 U.S. 418, 450 (1911).

While criminal contempt is governed by 18 U.S.C. § 401, civil contempt remains a creature of the court's inherent power. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("[T]he District Court [is] entitled to rely on the axiom that 'courts have inherent power to enforce compliance with their lawful orders through civil contempt.'" (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both.'" *Gompers*, 221 U.S. at 441 (quoting *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 329 (1904)).

The principle purpose of civil contempt is remedial and it is imposed "for the benefit of the complainant." *Id.*; *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (citing *Gompers*, 221 U.S. at 448, 449)). "[A] contempt is

4

considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public." *McCrone v. United States*, 307 U.S. 61, 64 (1939). In addition, "[t]he award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

Given the facts and circumstances of this case, Mr. Perrone's contumacious conduct falls within the scope of civil contempt. The undersigned believes that civil contempt, with a significant sanction, may be sufficient to effectively remediate the harm caused by Mr. Perrone's continued misconduct, vindicate the Court's orders, and provide the necessary incentive to obtain his future compliance with the Court's orders. The standards for civil contempt require a showing "by clear and convincing evidence that [the alleged contemnor] 'violated a definite and specific order of the court requiring [him] to perform . . . a particular act or acts with knowledge of the court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). Based on the certified facts contained herein, the standard for civil contempt has been met.

## Conclusion

Having found repeated violations of this Court's orders, the undersigned judicial officer recommends that Mr. Perrone be held in contempt of court under Rule

37(b)(2)(A)(vii).  The undersigned recommends that the Court impose sanctions as it deems appropriate.

Moreover, Rule 37 provides that, "[i]nstead of or in addition to" the sanctions recommended above, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis supplied).  Accordingly, the undersigned further recommends that the Court award Defendant's costs, pursuant to Rule 37(b)(2)(C), relating to the following matters:

    (1)    Defendant counsel's attendance at the July 7, 2025, scheduling conference in which Mr. Perrone failed to appear (Minutes, ECF No. 24);

    (2)    Defendant counsel's attendance at the July 17, 2025, scheduling conference in which Mr. Perrone failed to appear (Minutes, ECF No. 284); and

    (3)    Defendant counsel's attendance at the August 4, 2025, show-cause hearing scheduled before the Honorable Hala Y. Jarbou.

It is further recommended that the Court refer the determination of the amount of the Rule 37(b)(2)(C) costs to the undersigned.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to

appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                 Respectfully submitted,

Date: July 18, 2025                                    /s/ Phillip J. Green
                                                              PHILLIP J. GREEN
                                                              United States Magistrate Judge